Juan M. CRUZ, Plaintiff-Appellant,

v.

Barry D. KING and Government Employees Insurance Company, a corporation, Defendants-Appellees.

No. 71–2333.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1972.

Rehearing Denied March 15, 1972.

gence. Likewise, the evidence was sufficient to go to the jury on the theory of King's failure to maintain a proper lookout. There is evidence that Cruz was in plain view for an appreciable time before he was hit, that King might have been able to stop if he were exercising due care, and that King did not sound his horn as might reasonably have been required. (Vehicle Code of Guam § 23108). These were questions for the jury to determine.

Reversed and remanded.

John J. Carniato, Walnut Creek, Cal., of Arriola, Bohn & Cushnie, Agana, Guam, for plaintiff-appellant.

Edgar R. Crain, of Crain, Rathbun & Shoecraft, Agana, Guam, for defendants-appellees.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

In this action for personal injuries, Juan M. Cruz appeals from an order dismissing his complaint, under Rule 41(b), F.R.Civ.P. The sole question presented is whether the evidence presented by Cruz was sufficient to establish a prima facie case. We find that it was, and reverse and remand for a new trial.

Cruz was injured in an accident which took place at the Guam Air Terminal. While crossing a roadway which runs in front of the terminal, he was struck by a car driven by appellee, Barry D. King. At trial, Cruz' counsel presented evidence which went to two theories of negligence: first, that Cruz was walking in an unmarked crosswalk such that he had the right-of-way (Vehicle Code of Guam § 23108); and second, that King failed to maintain a proper lookout and take precautions to avoid an accident (Vehicle Code of Guam § 23127.5). The evidence as to the point at which Cruz crossed the roadway and the angle of his path was conflicting. Some of it tends to support Cruz' first theory of negli-